[No. 12335. *En Banc.* February 5, 1916.]

YOUNG MEN'S CHRISTIAN ASSOCIATION, OF SEATTLE, *Appellant,* v. ALBERT E. PARISH, *as County Assessor of King County, Respondent.*[1]

STATUTES—GENERAL OR SPECIAL LAWS—TAXATION—EXEMPTIONS. 3 Rem. & Bal. Code, § 9098, exempting from taxation all property of Young Men's Christian Associations which shall be wholly used, or to the extent solely used, for religious purposes, is special legislation and in contravention of Const., art. 7, § 2, requiring the legislature to prescribe by general law such regulations as shall secure a just valuation for taxation of all property; because it excludes from its operation the property of other organizations which may be devoted to religious purposes.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 11, 1914, in favor of the defendant, dismissing an action for injunctive relief, tried to the court. Affirmed.

*George H. Walker* and *Fletcher Lewis,* for appellant.

*John F. Murphy, Samuel Morrison, Alfred H. Lundin,* and *W. F. Meier,* for respondent.

[1]Reported in 154 Pac. 785.

MAIN, J.—This is an action brought for the purpose of restraining the county assessor of King county from listing for taxation certain real property. The trial resulted in a judgment dismissing the action. From this judgment, the plaintiff appeals.

The appellant, at the time the action was instituted, was the owner of lots 2 and 3 and the east half of lots 6 and 7, in block 21, of Boren's addition to the city of Seattle. This property fronted on the west side of Fourth avenue, in the city of Seattle, and extended from Madison street to Marion street. The appellant had for some years owned lots 2 and 3, and had erected thereon a six-story brick and concrete building, which is known as the Y. M. C. A. building. After this building had been erected, the association acquired two adjacent half lots on the south, facing Fourth avenue, and extending from the main building to Marion street. This latter property was, when acquired, and still is, improved by the east half of the former Stander hotel, a six-story brick and stone structure. Since its purchase by the association, it has been connected with the main building as an annex thereof, and is permanently partitioned off from the unacquired part of the Stander hotel. The entire property thus owned by the association is used for the various activities and departments of the Young Men's Christian Association.

The objects of the association, as set forth in its articles of incorporation, are: "The improvement of the spiritual, mental, social, and physical condition of the young men of Seattle by the support and maintenance of lectures, gospel services, libraries, reading rooms, gymnasium, recreation grounds, etc."

The county assessor of King county was asserting the right to list this property for purposes of taxation upon the tax rolls for the year 1913, when the present action was brought for the purpose of restraining such listing.

The controlling question in the case is whether the statute under which it is claimed the property is exempt from taxa-

tion is constitutional or unconstitutional. The statute, Rem.
& Bal. Code, § 9098, as amended by chapter 117 of the Laws
of 1913, p. 351, relating to taxation, after exempting certain
other specified property, provides:

"Also all property of Young Men's Christian Associations
. . . which shall be wholly used, or to the extent solely
used, for the religious purposes of such association." 3 Rem.
& Bal. Code, § 9098.

It will be noted that this is an exemption to the association
by name, with a limitation that only such of its property as
is "wholly used," or to the extent "solely used" for the re-
ligious purposes of such association, shall be exempt.

Section 2 of article 7, of the state constitution, after re-
quiring that the legislature shall provide by law a uniform
and equal rate of assessment and taxation upon all property
in the state and prescribe such regulations by general law
as shall secure a just valuation for the taxation of all the
property, provides:

"That the property of the United States, and of the state,
counties, school districts, and other municipal corporations,
and such other property as the legislature may by general
laws provide, shall be exempt from taxation."

Under this section of the constitution, all property within
the state is subject to taxation, unless it falls within one of
the classes mentioned in the constitution and is exempted
therefrom by a *general law*. The question then arises, Is the
statute by which the property of Young Men's Christian As-
sociations is claimed to be exempt a general or a special law?
If it is a special law, obviously the attempted exemption is
invalid under the constitutional provision quoted. If it is a
general law, then it conforms to the constitutional require-
ment.

The authorities are in substantial harmony upon the rule
by which a law is to be tested to determine whether it is gen-
eral or special. A special law is one which relates to par-
ticular persons or things, while a general law is one which

applies to all persons or things of a class.  A law is general when it operates upon all persons or things constituting a class, even though such class consists of but one person or thing; but the law must be so framed that all persons or things constituting the class come within its provisions.  4 Words & Phrases (2d series), p. 635; *Budd v. Hancock*, 66 N. J. L. 133, 48 Atl. 1023; *State ex rel. Attorney General v. Miller*, 100 Mo. 439, 13 S. W. 677; Sutherland, Statutory Construction, § 121.

In 4 Words & Phrases (2d series), p. 635, the rule is stated: A special law is one that relates to particular, as distinguished from a general law, which applies to all persons or things of a class.

The rule is stated in *Budd v. Hancock, supra,* as follows:

"A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some persons, places or things from others upon which, but for such limitation, it would operate.  The test of a special law is the appropriateness of its provisions to the objects that it excludes.  It is not, therefore, what a law includes that makes it special, but what it excludes.  If nothing be excluded that should be contained the law is general.  Within this distinction between a special and a general law the question in every case is whether any appropriate object is excluded to which the law, but for its limitations, would apply.  If the only limitation contained in a law is a legitimate classification of its objects it is a general law.  Hence, if the object of a law have characteristics so distinct as reasonably to form, for the purpose legislated upon, a class by itself, the law is general, notwithstanding it operates upon a single object only; for a law is not general because it operates upon every person in the state, but because every person that can be brought within its predicament becomes subject to its operation."

Many other authorities could be cited supporting the rule; but as the controversy upon this phase of the case is over the application of the law, rather than its statement, further citation in support of the rule seems unnecessary.

In applying the rule, this court in *Denver v. Spokane Falls,* 7 Wash. 226, 34 Pac. 926, held that an act of the legislature which attempted to confer upon certain municipal corporations which had previously undertaken to incorporate under an invalid law the right to incorporate under the statute without reference to the population, but solely by reason of their peculiar condition, was a special and not a general law. It was there said:

"As to such communities, is this a general or a special law? It is claimed by the learned counsel for the appellants that it is general, because it applies to all communities in the state similarily situated. But we think that cannot be said to be the exclusive test. If the operation and effect of a statute is necessarily limited to a particular class or number of persons or things, it is as much a special statute, whatever may be its form, as it would be if it applied to but one person or thing only."

In *Terry v. King County,* 43 Wash. 61, 86 Pac. 210, the court had under consideration a statute which specifically conferred upon King, Pierce, and Spokane counties, and the cities of Seattle, Tacoma, and Spokane, power to contract indebtedness for the purpose of purchasing armory sites and assisting in the construction of armories. No other counties or towns in the state were mentioned in the act. Nor was it possible for any other county, even though its population should equal that of the counties named, to come within its provisions. It was there held that the law was special and not general, citing the previous case of *Denver v. Spokane Falls, supra.*

Applying the rule of law stated and its application as appears in the two cases last cited, to the facts in the present case, Was the statute exempting the Young Men's Christian Association general or special? The exemption covers the property of such associations wholly used, or to the extent solely used, for religious purposes of the association. If the property should not be devoted to a religious purpose, then it does not come within the exemption. The effect of the

statute is to exempt only the property of Young Men's Christian Associations which is devoted to religious purposes. Under this statute, other property in the state devoted to religious purposes would not be exempt. The property of the class referred to in the statute is that devoted to religious purposes. The association is one organization which devotes property to such purposes. The property of other associations devoted to a religious purpose could not claim the exemption. The statute is special and not general, because it excludes from its operation the property of other organizations which is or may be devoted or set apart for religious purposes.

It would hardly be claimed that a statute exempting the church property of a particular religious denomination by name, and which thus would exclude from its provisions the church property of all other denominations, would be a general law. Likewise a statute which exempts property of Young Men's Christian Associations only to the extent such property is devoted to religious purposes, as already stated, must necessarily exclude the property of other organizations and associations devoting property to the same purposes. The operation and effect of the statute is limited to one of the organizations which compose a class, and is therefore special. The case falls within the holdings of this court in the cases of *Denver v. Spokane Falls* and *Terry v. King County, supra.*

A number of cases are cited in the briefs where the property of Young Men's Christian Associations has been held exempt. In every one of the cases cited, with one exception, the exemptions were under statutes which did not exempt the property of the associations by name, but exempted all property by general language which was devoted to religious, benevolent, or charitable purposes. Had the statute in this state under which this case arose contained some such general language an entirely different question would be presented.

The one case referred to as supporting an exemption where the statute applied to a Young Men's Christian Association by name was that of *Young Men's Christian Ass'n v. City of Keene*, 70 N. H. 223, 46 Atl. 186. In the state of New Hampshire, however, where that case was decided, there was no constitutional provision against the passage of a special law.

In reaching the conclusion that the statutory provision is unconstitutional, we have not overlooked the rule adopted by the previous decisions of this court that a law will be presumed constitutional and valid until the contrary clearly appears, and that it is the duty of the court to sustain the law unless its invalidity is so apparent as to leave no reasonable doubt upon the question. *State v. Somerville*, 67 Wash. 638, 122 Pac. 324; *State v. Pitney*, 79 Wash. 608, 140 Pac. 918. Notwithstanding this rule, we see no escape from the conclusion that the statute containing the exemption is special, and therefore, under the constitution, is invalid.

The judgment will be affirmed.

Morris, C. J., Mount, Ellis, Parker, Holcomb, Chadwick, and Fullerton, JJ., concur.