[No. 32768. Department Two. April 23, 1954.]

PUBLIC HOSPITAL DISTRICT No. 2 OF OKANOGAN COUNTY,
*Appellant,* v. THE TAXPAYERS OF PUBLIC HOSPITAL
DISTRICT No. 2 OF OKANOGAN COUNTY,
*Respondents.*[1]

*Mansfield & Reeder,* for appellant.

*R. E. Young,* for respondents.

DONWORTH, J.—This is an action for a declaratory judgment to determine whether plaintiff hospital district is a

[1]Reported in 269 P. (2d) 594.

validly organized municipal corporation and has a legal right to issue certain general obligation bonds in the amount of $110,000. The action was commenced under the provisions of RCW 7.24.010 *et seq.* and RCW 7.24.150 *et seq.*

The hospital district includes six precincts located at the upper end of the Methow Valley in Okanogan county.

After a trial on the merits, the court entered a decree dismissing plaintiff's complaint. Plaintiff appeals, assigning as error only the making and entering of the decree dismissing the complaint and denying the relief prayed for therein.

The facts are not in dispute and need not be set out in detail, because the trial court based its dismissal of the action solely on the fact that the proposition to establish the public hospital district was submitted to the voters of the proposed district at a special election held September 14, 1948, instead of being submitted at the general election held November 2, 1948.

Appellant's brief sets out the single question involved on this appeal as follows:

"Under the provisions of the Hospital District Act then in force, to-wit, Chap. 264, Laws of 1945, as amended by Chap. 225, Laws of 1947, now R.C.W. 70.44.010, *et seq.*, was a Public Hospital District validly organized where the proposition to establish such public hospital district was submitted at a special election and not at a general election?"

Since we must interpret the legislative enactments referred to in order to arrive at an answer to the foregoing question, we should have in mind some of the applicable rules which this court has followed in construing acts of the legislature.

■ The primary rule is that the court should ascertain and give effect to the intention of the legislature which enacted the statute. *Graffell v. Honeysuckle*, 30 Wn. (2d) 390, 191 P. (2d) 858.

■ A second rule, just as fundamental, is that when the intent of the legislature is clear from a reading of the statute, there is no necessity for construction. *Johnson v. Department of Labor & Industries*, 33 Wn. (2d) 399, 205 P. (2d) 896.

■ Another rule which is applicable in this case is that a statute should, if possible, be so construed that no clause, sentence or word shall be held to be superfluous, void, or insignificant. *Group Health Cooperative of Puget Sound v. King County Medical Society*, 39 Wn. (2d) 586, 237 P. (2d) 737.

The statute involved in this action is chapter 264, Laws of 1945, p. 841, as amended as to § 2 thereof by chapter 225, Laws of 1947, p. 947 [*cf.* RCW 70.44.010 *et seq.*]. Chapter 264 of the Laws of 1945 provides for the establishment of public hospital districts in counties having less than 25,000 population (or parts thereof).

Section 2 thereof prior to its amendment provided:

"Municipal corporations, to be known as Public Hospital Districts, are hereby authorized and may be established within the State of Washington in counties having less than 25,000 population."

Section 3 of the same act sets out in considerable detail the procedure to be followed prior to, and in connection with, the holding of an election to form such a hospital district. This section provides, *inter alia*, that:

"*At any general election* the Board of County Commissioners . . . shall, by resolution, submit to the voters of such county the proposition of creating a Public Hospital District . . . , and it shall be the duty of such county election board to submit such proposition to the voters *at the next general election.*" (Italics ours.)

Section 4 of the 1945 act provides that a public hospital district may be formed in an area less than a whole county. The same procedure is prescribed for the formation of such a public hospital district as where its limits include an entire county.

Section 20, upon which appellant relies as authority for the submission of the proposition of its creation at the special election in 1948, is set out here *verbatim* as follows:

"After this act becomes effective a special election may be called at any time by the election board *prior to the next general election,* to create such hospital districts where the petition for the creation of such districts so provide[s] or were ordered by the County Commissioners." (Italics ours.)

Section 21 provides, in part:

"The rule of strict construction shall have no application to this act, but the same shall be liberally construed, in order to carry out the purposes and objects for which this act is intended."

In 1947, the legislature amended § 2 of chapter 264 of the Laws of 1945 so as to extend the benefits of the act to all counties in the state, instead of confining its operation to counties having less than 25,000 population.

The amendatory act (chapter 225, Laws of 1947), which we quote in full, contains this language:

## "CHAPTER 225
### "PUBLIC HOSPITAL DISTRICTS.

"AN ACT relating to Public Hospital Districts, amending section 2, chapter 264, Laws of 1945 (sec. 6090-31, Rem. Rev. Stat.; sec. 636-72 (53) PPC), and declaring an emergency. *"Be it enacted by the Legislature of the State of Washington:*

"SECTION 1. Section 2, chapter 264, Laws of 1945 (sec. 6090-31, Rem. Rev. Stat.; sec. 636-72 (53) PPC), is hereby amended to read as follows:

"Section 2. Municipal corporations, to be known as Public Hospital Districts, are hereby authorized and may be established within the several counties of the state as hereinafter provided.

"SEC. 2. This act is necessary for the immediate preservation of the public peace, health and safety, the support of the state government and its existing public institutions and shall take effect immediately."

No other section of chapter 264, Laws of 1945 was amended by this latter act except § 2.

It is the contention of appellant that the legislature, by adding the emergency clause to chapter 225, Laws of 1947, thus making the act take effect immediately upon being signed by the governor, intended to make the provisions of § 20, chapter 264, Laws of 1945, applicable to elections for the formation of hospital districts in all counties regardless of population.

Respondents urge, and the trial court agreed, that the obvious intent of the legislature in incorporating § 20 in chapter 264, Laws of 1945, was to provide for the holding of

special elections for the formation of hospital districts only between the date the act became effective (June 6, 1945) and the date of the general election in November, 1946. In other words, respondents' position is that § 20 should be held to be a temporary act which ceased to have any effect after November 5, 1946.

In its oral opinion, the trial court said:

"It seems to me the statute of 1945 is pretty definite. I don't see how we can place any other interpretation upon section 20 of this Act other than what the words therein express. This section taken with the other provisions of the Act provides these elections should be held at the next general election when the petition for the formation of these municipal incorporations was submitted after the general election of 1946. *The Act provides for special elections to be held only between the effective date of the Act, in June, 1945, and the general election in 1946.*" (Italics ours.)

The trial court also considered appellant's contention that the addition of the emergency clause to the 1947 amendment had the effect of making § 20 of the 1945 act apply to elections for the formation of hospital districts in all counties of the state. On that issue, the court observed:

"To take this view we would have to read a lot into the Act of 1947 that is just not there. All that Act did was extend the right to form these districts to counties that were not provided for in the original Act. There were possibly many other reasons for the legislature including the emergency provision in the 1947 Act. It has been suggested by counsel the emergency clause gave an additional ninety days to these new counties within which to form such districts. . . . The Act provides that one or more districts might be formed in the county. This presented numerous possible proposals. The people of a small area of the county might feel it to their advantage to form a district which covered only a small portion of the county while others of the county might deem it best to have a county-wide district. These are questions that would merit considerable debate before the Board of County Commissioners. The additional ninety days provided by the emergency clause could have been vital in the board making its decision in time for the matter to be placed on the ballot at the general election in 1948."

We approve of the trial court's interpretation of the 1945 hospital district act and of the 1947 amendment thereto. Parenthetically, we might point out that the 1947 amendment was signed by the governor on March 19, 1947, and without the emergency clause it would have become law on June 11, 1947, so that the additional time allowed for the institution and carrying out of the procedure to create such hospital districts was eighty-five days, instead of ninety days. However, this does not detract from the soundness of the trial court's interpretation of the 1947 amendment.

When we analyze the whole of the 1945 hospital district act, including § 3 thereof providing for the submission of propositions for creating such districts at general elections, we think it was the plain intention of the legislature to provide for the formation of such hospital districts at special elections *only during the period between the effective date of the 1945 statute (June 6, 1945) and the date of the 1946 general election (November 5, 1946)*.

The legislature in chapter 257, Laws of 1951, p. 810, which sets out the procedure for holding elections in cities, towns, and school districts other than in Class A counties, used this language:

"Whenever in the judgment of the governing board of any such city, town or school district, an emergency exists, such board may, by resolution, call a special election *at any time* in such municipality or district."  (Italics ours.)

Thus it appears that, when the legislature intends to provide for the holding of special elections *at any time*, without limitation, it specifically says so.

We hold that § 20 of the 1945 act was only a temporary statute which was to expire by its own limitation, just as if it had been repealed, when the 1946 general election was held.  50 Am. Jur. 525, Statutes, §§ 514 and 515.

Appellant urges that § 21 of the 1945 act, providing that the statute shall be liberally construed, should compel this court to conclude that the 1947 amendment did in some fashion re-enact § 20 of the 1945 act.

This argument ignores the fact that this court has held that under any rule of statutory construction, whether

strict or liberal, the legislative intention, when clearly apparent, must prevail. *Shorts v. Seattle,* 95 Wash. 531, 164 Pac. 239. Furthermore, the rules of liberal construction do not contemplate that a statute shall be so interpreted as to ignore the obvious meaning of the words therein employed. *Boyd v. Sibold,* 7 Wn. (2d) 279, 109 P. (2d) 535.

Consequently, we must hold that, since § 20 of the 1945 public hospital district act ceased to have any application after the 1946 general election and was not re-enacted or revived by chapter 225, Laws of 1947, there was no statutory authority for the formation of a hospital district at a *special election* in 1948.

That being the case, appellant could not have been legally created as a municipal corporation at the special election on September 14, 1948. The trial court did not err in entering its decree dismissing appellant's complaint.

Consequently, its decree must be, and is, hereby affirmed.

HILL and WEAVER, JJ., concur.

SCHWELLENBACH, J. (concurring)—I concur in the majority opinion in its entirety, but wish to express my views concerning the rule of liberal construction.

Section 21 of the act of 1945, p. 853, provides, in part:

"The rule of strict construction shall have no application to this act, but the same shall be liberally construed, in order to carry out the purposes and objects for which this act is intended."

The legislature may tell an administrative agency which is to carry out the provisions of the act how that act should be administered. However, I do not believe that the legislative branch of the government has any right to dictate to the judicial branch how a legislative act shall be construed. That is solely a judicial function.

GRADY, C. J. (dissenting)—I am not in accord with the view that § 20, chapter 264, Laws of 1945, p. 853, is of the limited duration asserted in the majority opinion. I would feel different if the substance of § 20 had been made a proviso to § 3 instead of a separate section of the act.

Section 3 relates to general elections only. If it had been

the intention of the legislature to place any limitation upon that section by fixing a time within which a proposition of creating a district might be voted upon at a special election it would have followed the usual method and done so by a proviso. However, the legislature did not do this. It provided by § 3 that propositions to form a district must be voted on at a general election. Section 3 was followed by other sections relating to a great variety of subjects connected with the operation of such districts. By § 20, the legislature provided that propositions to create districts might be voted upon at a special election if one of two things was done: (1) If the petition for the creation of the district provided that the proposition be voted on at a special election, or (2) if the county commissioners so ordered. Sections 3 and 20 are independent sections and relate to general and special elections, respectively. Section 3 provides the general rule, and § 20 the exception. The reason for § 20 being made a part of the act is obvious. An emergency might arise in certain localities like it did in the Spanish influenza epidemic during World War I. The area might not be served by a hospital, or the local hospital might not have the necessary capacity to meet the situation. Public aid might be long delayed if any could be given at all. While waiting for a general election, the loss of life might be very great. Under the act of 1945, as amended by the act of 1947, the voters of any county or lesser area should be able to take prompt action and hold a special election to create a district and provide hospital aid.

I find nothing ambiguous about either § 3 or § 20 that would make either one of them need the application of recognized rules of construction, or make it necessary that the two sections be read together to determine whether § 20 covers only the period from the taking effect of the act of 1945 and the next general election. Both sections operate from the effective date of the act and as long as they remain unamended.

The judgment should be reversed.