[No. 33766. *En Banc.* May 2, 1957.]

JOHN L. MILLER, *Respondent*, v. THE CITY OF PASCO *et al.*, *Appellants.*[1]

[1]Reported in 310 P. (2d) 863.

230

*Richard G. Patrick*, for appellants.

*John Horrigan* and *Theodore D. Peterson*, for respondent.

OTT, J.—John L. Miller sought a judgment to declare chapter 294, Laws of 1955, p. 1317, unconstitutional, and to enjoin the city of Pasco (a city of the third class) from leasing or disposing of the real property described in the act.

The city's demurrer, challenging the right of the plaintiff to institute the action, was overruled. By its answer, the city alleged that it was authorized by chapter 294, Laws of 1955, to sell or lease the property in question, and that the law was constitutional. Further answering the complaint and as an affirmative defense, the city alleged that it was expressly authorized to lease or sell the real estate by RCW 35.24.010 [*cf.* Rem. Rev. Stat. (Sup), § 9914] and RCW 35-.24.300 [*cf.* Rem. Rev. Stat., § 9128, Laws of 1915, chapter

184, § 15, p. 658]. The reply denied the affirmative matters pleaded.

Upon the trial, the issues being thus joined, the court determined (1) that John L. Miller was a proper party plaintiff, (2) that the city of Pasco could not lease or dispose of the property by sale, and (3) that chapter 294, Laws of 1955, was unconstitutional. The city of Pasco has appealed.

In determining that the respondent had the capacity to maintain this action, the court relied upon *State ex rel. Lemon v. Langlie*, 45 Wn. (2d) 82, 273 P. (2d) 464 (1954). In that case, this court held that a resident taxpayer was a proper party plaintiff in a mandamus proceeding against state officers, where, as in the instant case, the attorney general had declined to institute the action after being requested so to do. The rule announced in the *Lemon* case permitted such a proceeding to be instituted by a taxpayer under those circumstances, and where the proceeding related to the performance of duties by state officers.

 The rule is not apposite to the issue here presented. This is a declaratory judgment proceeding in which an act of the legislature is challenged as being unconstitutional. The uniform declaratory judgment act (RCW 7.24) specifies who may institute such proceedings.

RCW 7.24.020 [*cf.* Rem. Rev. Stat. (Sup.), § 784-2] provides in part:

"A person interested . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, . . . may have determined any question of construction or validity arising under the . . . statute, ordinance, . . . and obtain a declaration of rights, status or other legal relations thereunder."

RCW 7.24.050 [*cf.* Rem. Rev. Stat. (Sup.), § 784-5] provides in part:

"The enumeration in RCW 7.24.020 . . . does not limit or restrict the exercise of the general powers conferred in RCW 7.24.010, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

RCW 7.24.120 [*cf.* Rem. Rev. Stat. (Sup.), § 784-12] provides:

"This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

Applying the legislative mandate of liberal construction to the facts in this case, the record establishes that John L. Miller is a resident and taxpayer of Pasco, and otherwise meets the qualifications of an interested person, as defined by RCW 7.24.020, *supra.* The court did not err in its finding that John L. Miller was a proper party plaintiff.

Does RCW 35.24.010, *supra,* grant to cities of the third class the power to dispose of property, the fee title to which was obtained by condemnation? RCW 35.24.010 provides in part as follows:

"Every city of the third class . . . may purchase, lease, receive, hold, and enjoy real and personal property and may control and *dispose of it for the common benefit*; . . ." (Italics ours.)

■ The intention of the legislature is clear that, when cities of the third class obtain unqualified title to real estate, they may dispose of it when such disposition is for the *common benefit*. There is nothing in the act which would indicate that fee title to real estate must remain irrevocably in the municipality. The act provides that third-class cities may "dispose of it [property] for the common benefit."

■ To ascertain legislative intent in the interpretation of a statute, the words used are to be given their usual and ordinary meaning. *Pacific Northwest Alloys v. State,* 49 Wn. (2d) 702, 705, 306 P. (2d) 197 (1957). What is the usual and ordinary meaning of the words "dispose of"? Webster's New International Dictionary (2d ed.) defines the words as "To get rid of; . . . part with; . . . bargain away."

■ Since the city's acquisition of this property in 1945, Pasco has had an unusual growth, both in area and in population. Parks and playgrounds were needed and provided

in other sections of the city. In the exercise of their discretion, the city authorities determined that the property here in question was no longer needed for the purpose for which it was acquired, and that the *common benefit* required that it be leased or sold. Giving the words, "dispose of," their usual and ordinary meaning, RCW 35.24.010 authorizes the *sale* of the property, under the facts of this case.

Does RCW 35.24.010, *supra*, grant to cities of the third class authority to lease such property?

██ The act grants to cities of the third class the right to *control* such property for the common benefit. In the absence of a specific legislative grant to cities of the third class to permit the leasing of municipally-owned property, such cities are not authorized to delegate the *control* of their property to others. The power to grant the control of municipally-owned property, by lease or otherwise, is not given to cities of the third class by RCW 35.24.010.

Is the power to lease municipally-owned real estate for parking lot purposes granted to cities of the third class by RCW 35.24.300, *supra*? The section provides in part:

"The city council of such city shall have power to purchase, lease, or otherwise acquire real estate and personal property necessary or proper for municipal purposes and to control, lease, sublease, convey, or otherwise dispose of the same; to acquire and plat land for cemeteries and parks and provide for the regulation thereof; to lease any water front and other lands adjacent thereto owned by it for manufacturing, commercial or other business purposes; to lease for wharf, dock and other purposes of navigation and commerce such portions of its streets which bound upon or terminate in its waterfront or the navigable waters of such city, subject, however, to the written consent of the lessees of a majority of the square feet frontage of the harbor area abutting on any street proposed to be so leased."

██ Two rules of statutory construction, to which we have uniformly adhered, apply to the issue presented by this proceeding: (1) that each and every section of a legislative enactment must be given meaning, and (2) where general powers are granted with specific powers enumerated, the general powers are modified, limited, and re-

stricted to the extent of the specific enumeration. *Groves v. Meyers*, 35 Wn. (2d) 403, 213 P. (2d) 483 (1950); *State v. Thompson*, 38 Wn. (2d) 774, 232 P. (2d) 87 (1951); *Public Hospital Dist. No. 2 of Okanogan County v. Taxpayers of Public Hospital Dist. No. 2 of Okanogan County*, 44 Wn. (2d) 623, 269 P. (2d) 594 (1954); 50 Am. Jur. 244, § 249; 82 C. J. S. 658, § 332.

■ If, as appellant contends, cities of the third class, by RCW 35.24.300, *supra*, have *general power* to lease, sublease, convey or otherwise dispose of their real estate, then the remainder of the quoted portion of the section, which authorizes specific types of leases, is surplusage and meaningless. By this section, the power of a city of the third class to lease its municipally-owned lands is limited to (1) waterfront property to be used for the purposes of manufacturing, etc., and (2) property to be used for wharves, docks, and other navigation purposes.

The legislative grant to lease municipally-owned property, as provided by RCW 35.24.300, *supra*, is ambiguous and requires judicial interpretation. The *general* and *specific* powers above enumerated are all contained in a single sentence. In order to give the entire sentence meaning and to retain the limited types of leases which the legislature specifically authorized cities of the third class to execute, the general grant of power must yield in its scope to the specific powers enumerated.

For the reasons stated, the authority to lease municipally-owned property for the purpose of establishing a parking lot is not conferred upon cities of the third class by RCW 35.24.300, *supra*. The trial court did not err in its determination that the city should be enjoined from leasing the property involved in this proceeding.

Is chapter 294, Laws of 1955, *supra*, unconstitutional as being special legislation? The act provides:

"The city council of the city of Pasco, upon finding that the property is not required for park purposes, shall have power to lease, sell, or otherwise dispose to the best and highest bidder after advertising for bids in not less than three editions of the official newspaper, the following de-

scribed property located in Franklin county, state of Washington: [property description]."

Art. II, § 28, of the state constitution, provides in part:

"The legislature is prohibited from enacting any private or special laws in the following cases: . . .
"6. For granting corporate powers or privileges."

In *Terry v. King County*, 43 Wash. 61, 86 Pac. 210 (1906), we held that Art. II, § 28, subd. 6, of the constitution, applies to legislation granting special powers to municipal corporations. Chapter 294, Laws of 1955, grants to the city of Pasco authority to lease its municipally-owned property. Such power has not been granted to other cities of the third class. The legislature has attempted to limit the grant of this authority to one particular city of the third class, and, hence, it is special legislation as that term is defined in *Young Men's Christian Ass'n v. Parish*, 89 Wash. 495, 154 Pac. 785 (1916), where we stated:

"A special law is one which relates to particular persons or things, while a general law is one which applies to all persons or things of a class."

The trial court did not err in declaring chapter 294, Laws of 1955, unconstitutional as violative of Art. II, § 28, of the state constitution.

The judgment of the trial court is modified by dissolving the injunction restraining the sale of the property by the city. In all other respects, the judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, ROSELLINI, and FOSTER, JJ., concur.

MALLERY, J. (dissenting)—I dissent. The respondent brought this action to restrain the city of Pasco from leasing a tract of its land for a parking lot. He predicated his cause of action upon the damage the parking lot would do to his residential property five blocks away by reason of decreasing its market value, and the damage to his construction business resulting from the construction by a competitor of a contemplated private shopping district adjacent to the parking lot. No zoning violation is alleged.

Parking is a police power problem to be solved by the legislative, not the judicial, branch of the government.

This action does not lie because (1) the city acted within its legislative authority, and (2) the respondent has no justiciable interest in the public policy here in question.

(1) RCW 35.24.290 [*cf.* Rem. Rev. Stat., § 9127] provides, *inter alia*:

"The city council of each third class city shall have power: . . .

"(18) To make all such ordinances, bylaws, rules, regulations and resolutions, not inconsistent with the Constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to enact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws; . . ."

RCW 35.24.300 [*cf.* Rem. Rev. Stat., § 9128] provides, *inter alia*:

"The city council of such city shall have power to purchase, lease, or otherwise acquire real estate and personal property necessary or proper for municipal purposes and to control, lease, sublease, convey or otherwise dispose of the same; . . ."

The appellant has ample statutory authority to lease the land for a parking lot.

(2) The respondent cannot maintain his action. Minorities have many constitutional rights which majorities cannot violate with impunity, but no such right is here involved. His only constitutional right, in the instant situation, is to advance his cause in the legislative field where the majority rules. He has no right to obstruct the orderly legislative processes of the city of Pasco by recourse to the courts, in the absence of a justiciable issue.

SCHWELLENBACH and FINLEY, JJ., concur with MALLERY, J.