[No. 36292. Department One. December 27, 1962.]

*In the Matter of the Estate of* H. A. GAND, *Deceased.*

BALBINE DENISE GAND BARON, *Appellant,* v. ROGER E. VALLETON, *Respondent.*\*

*Christ D. Lillions,* for appellant.

*Moriarty, Olson & Campbell (Richard T. Olson,* of counsel), for respondent.

HILL, J.—QUAERE: Under Washington's law of intestate succession may an illegitimate child claim, as representing his or her mother, any part of the estate of the mother's kindred, either lineal or collateral?

Or, stated in the posture of the instant case, may the illegitimate daughter of the decedent's predeceased sister take, under the laws of intestate succession, any part of the decedent's estate, claiming through her mother?

ANSWER: No, unless the requirements of RCW 11.04-.080[1] relative to acknowledgment and adoption have been met.

\*Reported in 377 P. (2d) 262.

[1]"Every illegitimate child shall be considered as an heir to the person who shall in writing, signed in the presence of a competent witness,

CIRCUMSTANCES WHICH RAISE THE PRESENT ISSUE: Decedent's only heirs are the children of a predeceased sister. Her children are two in number, an illegitimate daughter and a legitimate son. The controversy is between them; the illegitimate daughter claiming half the estate. The trial court entered an order, decreeing the legitimate son to be the sole heir and distributing the net balance of the estate to him. The illegitimate daughter appeals.

COMMENTS: The appellant makes an intriguing argument. As we said in *Wasmund v. Wasmund* (1916), 90 Wash. 274, 278, 156 Pac. 3, in response to an argument similar to appellant's,

" . . . We are invited to consider the injustice of the common law rule and hold, inasmuch as an illegitimate child is always and 'shall in all cases be considered as heir to the mother,' that it was the intention of the legislature to raise an illegitimate to the rank of a legitimate inheritor. We may grant the injustice of the common law, but the statute is plain. We have no power to extend it beyond its terms. . . ."

■ We must, as in *Wasmund v. Wasmund, supra,* assert that the statute is plain. RCW 11.04.080 (see note 1). It states that every illegitimate child shall be, in all cases, considered as an heir of his mother as though born in lawful wedlock; it states that such a child shall be considered the heir of any person who, in writing signed in the presence of a competent witness, acknowledges himself the

---

have acknowledged himself to be the father of such child, and shall in all cases be considered as heir of his mother, and shall inherit his or her estate in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he shall not be allowed to claim as representing his father or mother, any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father, after such marriage, shall have acknowledged him as aforesaid, and adopted him into his family, in which case such child and the legitimate children shall be considered as brothers and sisters, and on the death of either of them intestate, and without issue, the others shall inherit his estate and he theirs, as heretofore provided in like manner, as if all the children had been legitimate, saving to the father and mother respectively their rights in the estates of all the said children, as provided heretofore in like manner as if all had been legitimate."

father of the child. Then the statute specifically covers the present situation:

" . . . but he [the illegitimate child] shall not be allowed to claim as representing his father or mother, any part of the estate of his or her kindred, either lineal or collateral, unless . . . "

and here follow conditions relating to marriage of the parents, acknowledgment, and adoption, which are concededly nonexistent in the present case.

We cannot write out of the statute the words which bar the appellant from claiming, as representing her mother, any part of the estate of her mother's kindred. To change the statute is the function of the legislature.

We are urged to consider RCW 11.04.080, in *pari materia,* with RCW 11.04.020(3):

"If there be no issue, nor husband, nor wife, nor father and mother, nor either, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation."

As the appellant points out, she is indeed the child of a deceased sister of decedent, claiming part of the decedent's estate by right of representation; but she belongs to a class of children who are the subject of a special statute (RCW 11.04.080) which is plain and unambiguous. *In re Baker's Estate* (1956), 49 Wn. (2d) 609, 610, 304 P. (2d) 1051.

Where there is no ambiguity in the statute, there is nothing for the court to interpret. *In re Baker's Estate, supra; Public Hospital Dist. No. 2 of Okanogan Cy. v. Taxpayers of Public Hospital Dist. No. 2 of Okanogan Cy.* (1954), 44 Wn. (2d) 623, 624, 269 P. (2d) 594, 595.

CONCLUSION: The decree of distribution appealed from is affirmed.

FINLEY, C. J., WEAVER, and ROSELLINI, JJ., concur.

---

February 8, 1963. Petition for rehearing denied.