[No. 426-41075, 41417-1. Division One—Panel 1. January 11, 1971.]

Charles B. Mincks, *Appellant,* v. The City of Everett *et al.,* *Respondents.*

*Anderson, Hunter & Carlson, J. P. Hunter,* and *Julian C. Dewell,* for appellant.

*Bruce E. Jones,* for respondent City of Everett.

*William B. Moore,* for respondent World Wide Advertising, Inc.

Farris, J.—Charles B. Mincks brought suit against the City of Everett and World Wide Advertising, Inc., a corporation, for a declaratory judgment to determine the legality of a contract between the city and World Wide. He asked that the contract be declared illegal and void and that World Wide be enjoined from further performance under

said contract, and that World Wide be required and ordered to remove certain benches from property of the city of Everett. In its order on motion for summary judgment, the court entered certain findings and dismissed the proceeding on November 15, 1968. Dr. Mincks appealed and World Wide cross-appealed.

On January 5, 1968, at an administrative session, two of the three Everett city commissioners entered into an exclusive 10-year agreement with World Wide.[1]

Subsequent to the execution of the agreement, World Wide placed 175 benches, with advertising contained thereon, at or near bus stops in Everett. The benches cost approximately $150 each and about $25 each per year to maintain. Demand was made upon the city officials by Mincks to remove the benches or cancel the contract. Refusal was followed by the declaratory judgment action.

A new charter was thereafter adopted by the city changing it from a commission to a mayor-council form of government. The new mayor and council directed the city

[1]"THIS AGREEMENT made and entered into this 5th day of January, 1968, between WORLD WIDE ADVERTISING, INC., a Washington corporation, hereinafter referred to as 'World Wide', and the CITY OF EVERETT, a Washington municipal corporation, hereinafter referred to as 'Everett', for the purpose of erecting and maintaining courtesy bus benches within the city limits of Everett. For the consideration hereinafter mentioned, the parties hereto agree as follows:

"1. Everett will allow World Wide the exclusive right to erect and maintain courtesy bus benches at all bus stops within the city limits of Everett for a period of ten (10) years. Everett will also allow World Wide to place advertising on all courtesy bus benches erected and maintained by them.

"2. In return, World Wide agrees to hold Everett harmless from any and all liability connected with said bus benches, World Wide also agrees to purchase all necessary city licenses required by Everett and to comply with all ordinances of the City of Everett.

"3. World Wide agrees to comply with a reasonable control of bench placement by the City of Everett Commissioners. Reasonable control shall be construed that World Wide shall be allowed to place Benches on all reasonable stops in the City of Everett, with the exception of where said bench would in some way directly immpede [sic] some city convenience to the public.

"4. All bus benches erected under this agreement are to remain the property of World Wide."

attorney to take action to terminate the agreement with World Wide. The city then moved for a declaratory judgment urging the same position that Mincks had urged (and it had resisted) in the earlier action. The same court heard both actions. In its order on motion for summary judgment in the second action, the court again entered certain findings and denied the city's motion for summary judgment pending the disposition by this court of the cause of Mincks v. City of Everett and World Wide Advertising, Inc. The city appealed from the order denying its motion for summary judgment. The causes were consolidated for appeal.

Numerous assignments of error are urged on this appeal. However, in view of our disposition of the assignments of error regarding certain Everett ordinances we do not reach all of the issues raised by the parties in their briefs and argument to this court.

The trial court found no violation of Everett city ordinances 13.12.020[2] and 13.16.090[3]. We disagree.

█ In construing a legislative act,

The primary rule is that the court should ascertain and give effect to the intention of the legislature which enacted the statute. *Graffell v. Honeysuckle,* 30 Wn. (2d) 390, 191 P. (2d) 858.

A second rule, just as fundamental, is that when the intent of the legislature is clear from a reading of the statute, there is no necessity for construction. *Johnson v. Department of Labor & Industries,* 33 Wn. (2d) 399, 205 P. (2d) 896.

Another rule . . . is that a statute should, if possible, be so construed that no clause, sentence or word

[2]"It shall be unlawful for any person, persons, corporations or other entities to cause to be placed upon any sidewalk area in the city of Everett or to permit to be placed upon or to occupy any sidewalk area within the city of Everett any object of any sort or any article whatsoever except certain receptacles or containers approved by the city council of the city of Everett."

[3]"It shall be unlawful to set up or maintain any sign or signboard over or across any sidewalk, street or alley in the city; and it shall be unlawful for any person, or for the owner, occupant or person in control of any premises, to set up or maintain any post, billboard or any kind of obstruction in any street or alley or upon any sidewalk for the purposes of fastening thereto any sign, awning, or advertisement."

shall be held to be superfluous, void, or insignificant. *Group Health Cooperative of Puget Sound v. King County Medical Society,* 39 Wn. (2d) 586, 237 P. (2d) 737.

*Public Hosp. Dist. 2 v. Taxpayers of Pub. Hosp. Dist. 2,* 44 Wn.2d 623, 624, 269 P.2d 594 (1954).

Under 13.12.020 the placement of "any object of any sort or any article whatsoever except certain receptacles or containers" is declared to be unlawful. 13.12.010(2) further defines "object" to be

any tangible article, and without limiting the generality thereof shall include produce, goods, wares, merchandise, signs, racks, or any other article whatsoever.

Ordinance 13.12.030 sets forth the limited exceptions to 13.12.020—objects which may, with the consent of the city council, be placed upon the sidewalk area. These are (1) containers for shrubs or trees which tend to beautify the city, (2) trash containers, (3) telephone booths, and (4) display merchandise used in connection with a special occasion or promotional activity.

When a statute plainly expresses legislative intent, courts cannot search for the statute's meaning beyond the statute itself, for there is nothing to construe. To hold here that the benches are not "objects" as defined by the express terms of the ordinances is to construe the ordinance when no necessity for construction is shown.

Even if the ordinances were subject to construction, to find that the benches fall within the nature of the objects contemplated by the enacting legislative body as permissible sidewalk objects is to render the phrases "any object of any sort or any article whatsoever" and "any other article whatsoever" superfluous and insignificant.

The legislative intent to bar objects and articles from the sidewalks of Everett is clear and unambiguous and the exceptions are specific. The benches fall within the class of prohibited "objects."

In addition, ordinance 13.16.090 is also applicable. That ordinance, as it pertains to this case, states that no person

or corporation shall set up or maintain any kind of obstruction upon any sidewalk for the purposes of fastening thereto any sign or advertisement. World Wide argues that the benches are placed at bus stops for public convenience, and that this is proper action for the city to take. However, the ordinance does not speak of the purposes for which the city may have sought placement of these benches. Rather, it requires us to examine the purpose of *the person or corporation that sets up or maintains the obstruction.* World Wide set up the benches for the purpose of placing advertisements thereon. Thus, the acts of World Wide are within the scope of the ordinance.

Even assuming, arguendo, that it may be proper for the municipality itself to procure and place such benches, the municipality cannot, in furtherance of such purpose, contract with a private party to perform an act that is in violation of an ordinance. It is a general rule of law that contracts which require performance in violation of statutes are illegal and void. *Hederman v. George,* 35 Wn.2d 357, 212 P.2d 841 (1949); *State v. Northwest Magnesite Co.,* 28 Wn.2d 1, 182 P.2d 643 (1947); Restatement of Contracts §§ 512, 580 (1932). Contracts entered by a municipality are within this rule. "Municipal contracts, like other contracts, . . . must be for a legal object and not against public policy, . . ." 10 E. McQuillin, The Law of Municipal Corporations 457 (3d ed. 1966).

In *Los Angeles v. Watterson,* 8 Cal. App. 2d 331, 346, 48 P.2d 87 (1935) a contract entered by a water district was before the court for consideration. The court stated:

"It is established by an unbroken line of authorities that 'where a statute provides a penalty for an act, a contract founded on such act is void, although the statute does not pronounce it void, nor expressly prohibit it'." [Citing cases.]

*See also King v. State,* 270 P.2d 370 (Okla. Crim. 1954) where a contract entered by a city permitting the defendant to place advertisements on stop signs was held void on

the ground that such placement of advertisements was in direct contravention of a state statute.

The contract between the City of Everett and World Wide Advertising was in violation of ordinances 13.12.020 and 13.16.090. It is therefore void and unenforceable.

 World Wide argues that Dr. Mincks has no standing to maintain this action. However, every taxpayer will be fairly presumed to be injured when a municipal corporation undertakes to enter an illegal contract. *Barnett v. Lincoln,* 162 Wash. 613, 299 P. 392 (1931). Dr. Mincks had standing to bring this action.

Since our holding here is dispositive of the issues raised in the second action, Everett v. World Wide Advertising, Inc., that action and the appeal therefrom are dismissed.

Reversed and remanded for proceedings in accordance with this opinion.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied March 30, 1971.

Review denied by Supreme Court May 6, 1971.