■ MARGARET OGILVIE, Plaintiff, v. JOHN A. SLOWEY, Respondent, and FREDERICK SCHULE, JR., Appellant.— Motion by respondent to strike out and suppress brief of plaintiff on appeal by defendant Schule dismissed as moot because of the determination herewith of the appeal (*Ogilvie* v. *Slowey*, 30 A D 2d 980). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ In the Matter of LONNIE SANDIFER, Respondent, v. CITY OF NEW YORK, Appellant.— In a proceeding under section 50-e of the General Municipal Law for leave to amend a notice of claim dated July 7, 1967 by setting forth that the date of the subject accident was March 31, 1967 instead of April 30, 1967 and to further permit the filing thereof *nunc pro tunc* as of June 29, 1967, the City of New York appeals from an order of the Supreme Court, Queens County, dated January 3, 1968, which granted the application. Order reversed, on the law and the facts, with $10 costs and disbursements, and application denied, without costs. The affidavits submitted in support of the application disclose that the failure to serve the notice of claim within the 90-day period prescribed by statute was not by reason of the fact that the claimant was mentally or physically incapacitated but was due rather to inadvertence on his part and the fact that his attorney was misinformed as to the date of the accident (*Matter of Gugliotto* v. *City of New York*, 10 A D 2d 986, affd. 9 N Y 2d 738). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of ROSALIE SIEGMAN, Appellant, v. RALPH KRAITCHMAN, Respondent.— In a habeas corpus proceeding, petitioner appeals from a judgment of the Family Court, Kings County, as resettled by an order of said court dated February 1, 1968, which judgment *inter alia* awarded custody of the parties' son to respondent, appellant's former husband. Judgment reversed, on the law, without costs, and new hearing granted, the new hearing to be held after the parties and their son undergo current psychiatric examinations. The findings of fact have not been affirmed. The writ was dismissed after a hearing in which appellant was denied an examination of psychiatric reports concerning herself, respondent and the son. Hence, the judgment must be reversed and a new hearing had (*Kesseler* v. *Kesseler*, 10 N Y 2d 445). In any event, we would remit the judgment because of the patent insufficiency of the hearing record. Though the mental health of the son was disputed, he was not interviewed by the trial court and did not testify. Instead, the parties gave hearsay evidence on that issue, as they did with respect to other serious matters in controversy. While common-law rules of evidence are not rigorously applied in proceedings before the Family Court, those rules are not to be altogether abandoned. Brennan, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur. Martuscello, J., not voting.