[No. 1102-1. Division One—Panel 2. February 7, 1972.]

BEVERLY LUNSFORD, *Respondent,* v. E. LYNN WALDRIP, *Petitioner.*

*Houger, Garvey & Schubert* and *M. John Bundy,* for petitioner.

*Lee, Krilich, Lowry & Thompson* and *John B. Krilich,* for respondent.

FARRIS, A.C.J.—This matter is before the court following the issuance of a writ of certiorari to review an order of Honorable William J. Wilkins, King County Superior Court, entered on May 5, 1971. That order: (1) found petitioner to be in contempt of court and punished him for the contempt; (2) denied petitioner any right to a hearing on his petition to modify a decree of divorce; and (3) denied petitioner any visitation with his daughter until he paid certain sums of money to the respondent and to her attorney, awarded as costs and attorney's fees, and child support.

We find that the court erred in denying the petitioner access to the court for a hearing on his petition to modify a decree of divorce. We further find that visitation rights are a proper subject for consideration at the time of the hearing on the petition to modify.

The parties hereto were divorced by a decree entered on September 24, 1969. A provision of that decree was that:

The defendant shall be privileged to petition the Court for visitation privileges with said minor child after thirty days have elapsed from the delivery of the child to her mother, the plaintiff herein, or purging himself of contempt, whichever contingency last occurs.

No appeal was taken from the decree. It is therefore binding upon the parties, but the provision regarding visitation with the minor child of the parties is subject to modification upon a proper showing.

Prior to the entry of the decree of divorce, the trial court orally ordered the petitioner to appear in court with the child for the purpose of delivering the child to her mother, the respondent herein. On the day in question, petitioner was represented by his counsel, who advised the court that the petitioner and the child had left the jurisdiction of the court.[1] The contempt citation followed this revelation. Subsequent to the entry of the order of contempt, the petitioner moved the court on January 13, 1970, for an order granting relief from the contempt order and granting visitation and/or communication privileges with his child. This motion was denied by order of March 18, 1970, wherein the court stated:

> [I]n order for the defendant to obtain any affirmative relief in this proceeding in the future it will be necessary for him to appear personally before the above entitled Court and purge himself of his contempt according to the terms of the oral decision of the Court pronounced at the conclusion of the hearing upon said motion . . . [which hearing was held on February 17, 1970].

This was the status of the record on February 5, 1971, when petitioner moved to modify the divorce decree. The cause was assigned for hearing before the Honorable William J. Wilkins, who at the time scheduled for the hearing, ordered the petitioner to jail as punishment for contempt and entered the order which gave rise to the issuance of the writ of certiorari. Petitioner served a jail term of 6 days and was released pursuant to an order of the trial court before applying for the writ.

Dr. Waldrip asserts that even if his actions warranted the contempt citation, it was error for the trial court to stay his

---

[1]Respondent recovered the custody of her daughter through habeas corpus proceedings in Santa Barbara County, California, Superior Court, in November, 1969.

petition to modify the divorce decree on that ground. We agree.

Even one who is in contempt of court has access to the courts to present a new and independent matter. *See Thompson v. Thompson,* 56 Wn.2d 244, 352 P.2d 179 (1960). It is not required that one who wishes to modify an order of the court with respect to the custody of a child have complied fully with that order to seek relief, although his failure to comply can be a proper matter for consideration in the hearing on the modification petition. *See Shaffer v. Shaffer,* 61 Wn.2d 699, 379 P.2d 995 (1963) and *Sweeny v. Sweeny,* 43 Wn.2d 542, 262 P.2d 207 (1953). While we find that withholding visitation between a father and his minor child is not a proper remedy for failure to comply with the order of the court regarding the payment of money, we do not decide that the petitioner has such an inherent right to visitation that the trial court cannot consider his conduct in defining or withholding visitation privileges. The paramount concern in such matters is the welfare of the child, and the conduct of the father as it affects the child's welfare is a proper consideration for the trial court. We recognize that there can be good and sound reason to regulate or deny visitation privileges, but the order which is under review here does not recite any reason other than the failure to pay money that is due. Withholding visitation for the sole reason that money is unpaid, due and owing is an improper exercise of judicial discretion. *See Shaffer v. Shaffer, supra* and *Thompson v. Thompson, supra.*

We therefore remand the cause to the trial court with instructions to assign the matter to a trial judge for hearing on the petition to modify the divorce decree.

Dr. Waldrip has asked that we direct the cause to be assigned to a judge other than the Honorable William J. Wilkins. We decline. The provisions of RCW 4.12.050, affidavit of prejudice, afford petitioner ample protection. *See State ex rel. Mauerman v. Superior Court,* 44 Wn.2d 828, 271 P.2d 435 (1954); *State ex rel. Foster v. Superior*

*Court,* 95 Wash. 647, 164 P. 198 (1917); *Bedolfe v. Bedolfe,* 71 Wash. 60, 127 P. 594 (1912).

Dr. Waldrip urges this court to reverse the trial court's award of $1,300 to respondent for attorney's fees and costs on appeal. *Barstad v. Barstad,* 74 Wn.2d 295, 444 P.2d 691 (1968), involving similar circumstances, reversed an award of attorneys' fees made at the time of a hearing on a petition for modification of the child custody provisions of the divorce decree. The sum awarded in *Barstad* was specifically based upon the fees and costs incurred in a proceeding different from the one in which the request for fees and costs was made. Here, there was no appeal from the decree of divorce. The fees and costs awarded therein are therefore binding upon the parties. The narrow question before us is whether we can find, on the basis of the record, that the trial court abused its discretion in awarding $1,300 for attorney's fees and costs in the instant proceeding. We find that the sum is not in and of itself excessive. The question therefore is whether it was proper in the instant case to assess the fees and costs against the petitioner.

The *Barstad* court confronted with a similar problem ruled:

Allowance of costs and expenses, suit money in advance of trial, and attorneys' fees in divorce and modification proceedings are matters addressed to the sound discretion of the trial court. In exercising its discretion, the court must base its decision on the need of the party requesting them and the ability of the other to pay. *McNair v. McNair,* 64 Wn.2d 283, 391 P.2d 549 (1964); *Christopher v. Christopher,* 62 Wn.2d 82, 381 P.2d 115 (1963). There is nothing in the record before us to show that, in awarding defendant in the instant case his costs, expenses and attorneys' fees incurred in the California habeas corpus proceeding, the court based its decision upon these considerations. What the record does show is that the court simply sought to grant judgment to the prevailing party in the instant cause for actual costs and expenses incurred in a related but separate action elsewhere. Our system does not allow such costs and attorneys' fees; it provides only nominal reimbursement for

costs and attorneys' fees by statute (RCW 4.84.080) in divorce and modification unless they are allowable under RCW 26.08.190 and supported by a proper showing of need and ability to pay.

*Barstad,* 74 Wn.2d at 300.

 A wife is not entitled to the costs of her litigation when she is financially able to pay for it herself. *Roberts v. Roberts,* 69 Wn.2d 863, 420 P.2d 864 (1966); *Bang v. Bang,* 57 Wn.2d 602, 358 P.2d 960 (1961); *Johnson v. Johnson,* 1 Wn. App. 527, 462 P.2d 956 (1969).

The payment of attorney's fees is not a right of one former spouse against the other. *Mosher v. Mosher,* 25 Wn.2d 778, 172 P.2d 259 (1946). The divorce terminated any obligation to support such litigation. Attorney fees to a former spouse should, with reasonable exceptions, be awarded upon a showing of need. Need in this sense does not necessarily mean destitution or poverty but it does mean an absence of funds and a lack of ability to get them without extreme hardship. Even when these requirements are met there is no absolute right to the award. It should be granted in the discretion of the trial court if the other has the ability to pay. See *McNair v. McNair,* 64 Wn.2d 283, 391 P.2d 549 (1964). We are not prepared to say that a spouse with assets can never recover attorney's fees, but under the particular facts of this case it was an abuse of discretion to grant attorney's fees to the plaintiff.

*Johnson,* 1 Wn. App. at 532.

The respondent relies in her brief upon the great expense to which she has been put because of the petitioner's conduct in these proceedings. This court, in issuing the writ of certiorari to review the trial court action was aware of those expenses and for that reason used the following language in granting the writ:

The writ will issue but without prejudice to respondent to apply to the Superior Court in and for King County for reasonable attorney fees pending the application of this writ, upon a proper showing.

 A review of the record indicates that there is no affidavit or any other allegation of Mrs. Lunsford's specific

expenses and income, nor is there a definite and specific allegation of Dr. Waldrip's ability to pay. The question, however, is whether the court abused its discretion in making the award of attorney's fees. The test is therefore whether any reasonable person would grant relief upon the showing made. *See Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970). While the showing made by Mrs. Lunsford should have been more definite and certain, the total record before the court contains some evidence of her need and of Dr. Waldrip's ability to pay. We cannot find that the trial court abused its discretion. *See Coons v. Coons,* 6 Wn. App. 123, 491 P.2d 1333 (1971).

Dr. Waldrip also argues that the court lacked jurisdiction in the contempt proceeding because an affidavit setting forth the facts constituting the contempt must be presented to the court, pursuant to RCW 7.20.040, where, as here, the alleged contempt does not occur in the presence of the court. The question is moot since Dr. Waldrip had already served his jail sentence before petitioning this court for relief.

The matter is remanded for further proceedings consistent with this opinion.

JAMES and SWANSON, JJ., concur.