■ In the Matter of JUDITH L. DE BIASE, Respondent, v. DAVID SCHEINBERG, Appellant.— In this support proceeding in which the appellant father of two children has petitioned to establish visitation rights, the appeal is from two orders of the Family Court, Rockland County, both dated July 18, 1973, which together modified an order of the same court, dated April 18, 1972, by (1) rescinding appellant's visitation privileges and (2) dismissing his petition. Orders reversed, in the exercise of discretion, without costs; petition granted to the extent that appellant is awarded visitation rights of two days per month, which award shall be reviewed after three months; and proceeding remanded to the Family Court, which shall work out the terms of visitation and, in three months, conduct the review of the visitation privileges awarded hereby. The apparent indifference of the children to their father is not sufficient reason to deny visitation privileges. Moreover, we remind the parties that they must not allow their own anxieties or conflicts, vis-à-vis each other, to interefere with the development of a good relationship between the children and their father, or to upset the good relationship presently existing between the children and their mother and stepfather. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■ In the Matter of LINDA NEAVE, Respondent, v. ANTHONY DI NOTA, Appellant.— The respective attorneys for the parties to this action have, on this appeal from an order of the Family Court, Westchester County, dated August 23, 1974, entered into a letter agreement, dated January 7, 1975, which has been transmitted to this court, together with a further letter by appellant's attorney to this court, dated January 14, 1975. In accordance with said letters, the appeal is deemed withdrawn, without costs. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ In the Matter of SHEEPSHEAD TERRACE COOPERATIVE APARTMENTS, INC., Respondent, v. FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants.— In a tax certiorari proceeding the appeal is from an order of the Supreme Court, Kings County, entered October 29, 1974, reducing the assessments on petitioner's real property for the tax years 1968–1969 through 1973–74. By written stipulation, dated February 6, 1975, the parties, through their attorneys, have agreed to specific modifications of the order. In accordance with the stipulation, the order is modified by reducing the assessed valuations for the years under review to $1,410,000 for each of said tax years. As so modified, order affirmed, without costs. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ MAX L. KELLS, Appellant, v. SHARON K. KELLS, Respondent.— Plaintiff appeals from a judgment of the Supreme Court, Queens County, dated March 4, 1974, which, inter alia, granted defendant a divorce, alimony, child support and custody of the infant issue of the marriage. Case remitted to the trial court for the making of specific findings of fact upon which the judgment under review was based (CPLR 4213). In the interim, the appeal will be held in abeyance. Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur.