Rodney LEWIS *v.* Suzanne LEWIS

76-144                                543 S.W. 2d 222

Opinion delivered November 22, 1976

*James C. Cole*, for appellant.

*Monroe L. Bethea*, for appellee.

ELSIJANE T. ROY, Justice. Appellee prevailed in this action for divorce on the grounds of appellant's willful failure to support her and their two children. The parties were married in 1966 and separated February 5, 1975. After a hearing on September 30, 1975, the court entered an order granting the divorce, providing for custody, support, reasonable visitation and restraining the parties from bothering each other.

The decree to this effect was filed on November 21, 1975. On February 24, 1976, appellant was again in court on a contempt citation for refusal to comply with the court's order. At the hearing the court announced:

> * * * I am going to suspend your visitation rights with your children from this day forward until such time you can appear before this Court and assure this Court that you will not go down there and espouse religion unto your ex-wife or child. * * *

The order pursuant to the hearing provided *inter alia* as follows:

> . . . that the corrected decree should be and is hereby modified and the defendant's right of reasonable visitation should be and is hereby cancelled and terminated until such time as the defendant may be able to show the court that visitation can be exercised without defendant's espousing and discussing religion with the plaintiff or the children.

On appeal appellant first contends the court erred in failing to deny the divorce under the evidence. We find no merit in this contention. The record reflects that appellant was a college graduate with a degree in accounting, and that he later passed the Certified Public Accountant's examination. Thus, appellant was qualified by education to hold employment with better than average earning potential and had a number of job opportunities. However, for various reasons he either worked for employers only a short period of

time, or would not accept employment at all. Appellee testified that to her knowledge he had not been gainfully employed from December, 1974, until the time of the hearing on October 28, 1975. Prior to that time he worked only sporadically. It is not necessary to detail all the evidence on this point, but on review we find the chancellor's decree granting the divorce for nonsupport is not against the preponderance of the evidence.

Appellant next contends the court erred in denying visitation rights based upon religious grounds. We agree that visitation rights cannot be denied appellant for espousing his religious beliefs. However, this does not mean that the trial court could not deny visitation rights for some valid reason such as deliberate nonsupport, violence or possible harm to the children. Also there is some evidence in the record, although not fully developed, that appellant was teaching the children disrespect for their mother and encouraging disobedience to her. This would be very detrimental to raising the children properly, and the court might want to consider such action in determining visitation rights.

We have considered also appellant's other allegations of error and find no merit in them.

Accordingly the decree is affirmed as to the granting of the divorce, custody and support, but remanded to the chancellor for determination of appellant's visitation rights.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.