■ In the Matter of CYNTHIA MARCIANO, Respondent, v ANTHONY MARCIANO, Appellant.—Order unanimously reversed, without costs and matter remitted to Ontario County Family Court for a new hearing in accordance with the following memorandum: This is an appeal from a Family Court order which granted the respondent ex-wife's petition to terminate the visitation rights of the appellant ex-husband with respect to the parties' four-year-old daughter, of whom respondent has custody. Appellant contends, and we agree, that the competent evidence adduced at the hearing was insufficient to warrant termination of all visitation. At the hearing, held March 26, 1976, appellant appeared *pro se* while respondent was represented by counsel. The court stated that it had before it a probation report and "psychological evaluation" reports dated nearly two years earlier and a supplementary probation report dated February 18, 1976, which recommended "that visits be suspended until support is paid in full". However, it does not appear that those reports were made available to appellant nor that he consented to their use. Had he objected, the use of the reports would itself have been reversible error *(Di Stefano v Di Stefano,* 51 AD2d 885; *Siegman v Kraitchman,* 30 AD2d 979). In any event, the reports were entitled to little weight because appellant was not afforded adequate opportunity to explain or rebut their contents. Although appellant admitted being in arrears in support payments, neither his testimony nor that of the probation officer established the amount of the arrearages, and it appears that genuine financial hardship was largely responsible for the default. Appellant and the probation officer agreed that appellant expected to return to work on April 15, 1976, after protracted unemployment. Without intimating any view on when, if ever, complete denial of visitation is permissible as a penalty for nonsupport (see Complete Denial of Visitation Rights of Divorced Parent, Ann., 88 ALR2d 148, 204–205, § 16), we are satisfied at least that such a penalty is unwarranted upon the evidence in this record. Respondent testified that a physician, some two or three weeks prior to the hearing, had advised that the child was ill with rheumatic fever and would have to be kept indoors and "as quiet as possible" for at least four months. While the testimony was received without objection, the fact that it was uncorroborated hearsay repeated by an interested witness cannot be over-

looked in assessing its probative weight (see *Siegman v Kraitchman, supra*). From the court's oral fact findings it appears that the most important element in the decision was the essentially undisputed evidence that on the Sunday before the hearing, when appellant returned the child to respondent's home after visitation, there was an angry encounter between appellant and one Ryan, a male friend of the respondent, during which threats and vulgar language were spoken in front of the child, causing her to become upset. Appellant testified that similar incidents had occurred in the past and the child "doesn't know what to think". Where there is animosity between the parents, claims by the custodial parent that visitation is disturbing to the child should be received with a most cautious scrutiny (see Ann., 88 ALR2d 170, § 6; cf. *Garber v Cooper,* 40 AD2d 1077), and here it is not evident why visitation could not be arranged under circumstances that would avoid confrontations between appellant and Ryan. While the best interests of the child must always be the paramount consideration in visitation matters, "The severance of a father's relationship with a child is a 'drastic remedy' even where there are realistic fears of harm" *(Matter of Doe v Doe,* 86 Misc 2d 194, 204). Thus, a child's apparent indifference to her father (of which there is no evidence here) is insufficient ground for denial of visitation *(De Biase v Scheinberg,* 47 AD2d 657), and even a child's stated desire not to see her father at all would not be dispositive, in view of the great benefit that can result from reconciliation and subsequent warm relations *(Matter of Doe v Doe,* pp 203–204, *supra).* Nearly a year having elapsed since the entry of the order, it may well appear that appellant is now able to meet his support obligations and that the child's health has improved. At the hearing if visitation is permitted, the parties should explore the possibility of arranging visitation so that appellant and Mr. Ryan need not encounter one another. If the court makes use of reports from the probation department or other agencies and desires to keep them confidential, it should secure a stipulation from the parties to that effect. Absent such a stipulation, the court should not resort to such materials in making its determination. Guidance for dealing with professional reports is set forth by the Court of Appeals in *Matter of Lincoln v Lincoln* (24 NY2d 270) and *Kesseler v Kesseler* (10 NY2d 445). (Appeal from order of Ontario County Family Court—support-visitation.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.