OPINION OF THE COURT
Howard Miller, J.
Upon the hearing held May 15, 1978, in this proceeding by the father to secure custody of the two children, ages 14 and 11 respectively, of the former marriage between the parties, the court directed a "custody investigation” by the Probation Department of Rockland County. The mother presently has custody pursuant to divorce decree dated, July 10, 1975.
The respondent has refused to submit to the custody investigation and refuses to allow the children to be interviewed at their home but indicated that the children be interviewed at a location other than the home.
*303 The best interest of the children requires that the court have adequate infomation before it in order that it may better review the facts herein. The Court of Appeals in Matter of Bennett v Jeffreys (40 NY2d 543, 551) in holding that more detailed information is required expressed itself as follows: "the court did not pursue a further analysis. Most important, no psychological or other background examination of the mother had ever been obtained. There was, therefore, no consideration of whether the mother is an adequate parent, in capacity, motivation, and efficacious planning.” The said court continued in the next paragraph on page 551: "Thus, a new hearing is required because the Family Court did not examine enough into the qualifications and background of the longtime custodian, and the Appellate Division did not require further examination into the qualifications and background of the mother.”
The same requirement should be required for the noncustodial parent as well. (Matter of Siegman v Kraitchman, 30 AD2d 979.) In the Kraitchman case the court noted that the common-law rules of evidence are not vigorously applied in proceedings before the Family Court and directed a new trial after the parties and their son had undergone current psychiatric examination. The parties should be given an opportunity to examine the reports and to explain or rebut their contents (Matter of Marciano v Marciano, 56 AD2d 735; Matter of Lincoln v Lincoln, 24 NY2d 270).
Section 251 of the Family Court Act provides that in a matter before the court, a physical, psychiatric, or psychological examination may be required when such examination will serve the purposes of the Family Court Act. While the court may not compel a parent in a custody proceeding to undergo therapy or analysis, it has the right to order a parent or the infant to be examined by a psychiatrist or psychologist and to consider such report in arriving at its judgment in the custody proceeding. Matter of Grado v Grado (44 AD2d 854) and Matter of Bennett v Jeffreys (40 NY2d 543, supra) make such reports mandatory.
A Judge needs all the information that he can acquire in order to properly discharge his duties. The Court of Appeals aptly expressed such need in Matter of Lincoln v Lincoln (24 NY2d 270, 272, supra): "The burden on a Judge when he acts as parens patriae is perhaps the most demanding which he must confront in the course of his judicial duties. Upon his *304 wisdom, insight and fairness rest the future happiness of his wards. The procedures of the custody proceeding must, therefore, be molded to serve its primary purpose, and limited modifications of the traditional requirements of the adversary system must be made, if necessary.”
The court, therefore, finds that the requiremnt for the custody investigation and forensic team evaluation together with the interview of the children are necessary to properly provide the court with information and background to better enable the court to make a determination of the issues herein.
The court directs that the petitioner and the respondent on or before August 7, 1978 comply with the request for information and participate in the custody investigation and forensic team evaluation and that the children be interviewed by the probation officer assigned to this case on or before August 7, 1978.