Ronald ROHR, Plaintiff and Appellant,

v.

Lynnae June ROHR, Defendant and Respondent.

No. 20425.

Supreme Court of Utah.

Oct. 31, 1985.

Ronald E. Nehring, Salt Lake City, for plaintiff and appellant.

Dean Mitchell, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals from an order modifying a decree of divorce restricting his visitation rights with his minor daughter and requiring him to bring current past due alimony and child support. Defendant has made no appearance in this appeal. We affirm as modified.

Plaintiff and defendant were divorced in 1982. Both parties subsequently petitioned the court for a modification of the decree with respect to child visitation and financial support arrearages, plaintiff seeking extended visitation rights, and defendant requesting severe restrictions. After a hearing on the petitions for modification, the court entered findings that plaintiff was in default for payments in the sum of $4,800 (representing $2,400 in alimony and $2,400 in child support); that he had failed to comply with the court's previously ordered visitation schedule; had engaged in conduct detrimental to the welfare of both defendant and the minor child; had attempted to remove the child from the court's jurisdiction without the consent of the court or the custodial parent; and had surrendered the minor child only upon intervention of the Salt Lake County Sheriff's Office. In accordance with those findings, the court entered its order and stated in part pertinent to this appeal:

1. That plaintiff shall be allowed to visit the minor child once per week for four hours and in the presence of a third person agreed upon by both parties. Plaintiff shall bear all necessary costs, if any, of obtaining a third party for such

visitation. Plaintiff shall provide reasonable notice of intent to visit, and shall make defendant aware of where the child is at all times when with him.

. . . .

3. That plaintiff shall pay the defendant the sum of Four Thousand Eight Hundred Dollars ($4,800.00) for back alimony and child support, one thousand two hundred and thirty-two dollars and fifty cents ($1,232.50) for defendant's attorney's fees in bringing the present action, and twenty-eight dollars and seventy-five cents ($28.75) for defendant's costs awarded her as prevailing party.

4. The visitation schedule outlined in paragraph one of this order shall remain until plaintiff has paid defendant all sums outlined in paragraph three, or total of six thousand sixty-one dollars and twenty-five cents ($6,061.25). Upon payment of this sum, this court will then determine what permanent modification, of the original decree of divorce, if any, would be appropriate.

Plaintiff advances three arguments on appeal:

(1) Parents have a fundamental right to participate in the rearing of their children, and that right should not be subjected to monetary concerns of the custodial parent.

(2) The child has visitation rights which enhance the emotional development of the child.

(3) There are less intrusive methods of enforcing child support judgments than conditioning visitation on payment of support.

In supplemental proceedings in domestic matters, we review the record in a light favorable to the findings and determinations made by the trial court and do not interfere with them unless it appears that the evidence clearly preponderates against the findings or that the trial court abused

its discretion or misapplied principles of law. *Openshaw v. Openshaw*, Utah, 639 P.2d 177 (1981); *Christensen v. Christensen*, Utah, 628 P.2d 1297 (1981). In vesting the trial court with continuing jurisdiction over the parties to a divorce and issues arising thereunder, the legislature expressly provided that "visitation rights of parents ... shall take into consideration the welfare of the children." U.C.A., 1953, 30–3–5 (1984 ed.).

In essence, the issue before us is the plaintiff's claim that the trial court abused its discretion in conditioning the scope of future visitation between plaintiff and his daughter upon payments of past due child support.[1]

This is a case of first impression in our forum, but a general rule emerges from this much litigated issue in other jurisdictions:[2] A court may not deny the noncustodial parent visitation rights for the *mere* failure to pay child support, where the failure to pay is due to an inability to pay. *See Ledsome v. Ledsome*, W.Va., 301 S.E.2d 475 (1983); *Marciano v. Marciano*, 56 A.D.2d 735, 392 N.Y.S.2d 747 (1977); *Engrassia v. DiLullo*, 89 A.D.2d 957, 454 N.Y.S.2d 103 (1982); *Lunsford v. Waldrip*, 6 Wash.App. 426, 493 P.2d 789 (1972).

However, where the noncustodial parent's refusal to pay child support is contumacious, or willful and intentional, and not due to inability to pay, visitation rights may be reduced or denied, if the welfare of the child so requires. *See Ledsome v. Ledsome, supra; Lewis v. Lewis*, 260 Ark. 691, 543 S.W.2d 222 (1976); *DeWelles v. Dwelle*, 214 Pa.Super. 376, 257 A.2d 594 (1969); *Raible v. Raible*, 242 Md. 586, 219 A.2d 777 (1966); *Reardon v. Reardon*, 3 Ariz.App. 475, 415 P.2d 571 (1966). But *cf. West v. West*, 6 Or.App. 128, 487 P.2d 96 (1971).

Reviewing courts have universally held that the paramount concern in child visita-

---

**1.** Plaintiff has not raised the question of whether visitation rights may be predicated upon the payment of alimony, and that issue is therefore expressly excluded from our decision. The general rule in other jurisdictions is that they may not.

**2.** For a summation of case law dealing with this issue, *see generally* Annot., 51 A.L.R.3d 520 (1973).

tion matters is the welfare of the child. Also, "the conduct of the father [sic] as it affects the child's welfare is a proper consideration of the trial court." *Lunsford v. Waldrip, supra,* 493 P.2d at 792. *See also Raible, supra; Marciano, supra; Ledsome, supra.*

■ There is no evidence in the record that plaintiff was unable to provide for his child as ordered in the divorce decree. There is ample evidence, however, that plaintiff willfully and intentionally failed to support his child when he was employed. Defendant instituted numerous garnishment proceedings against plaintiff from which we infer that plaintiff's failure to support the child caused the mother financial hardship to the detriment of the child's welfare. There is also evidence in the record that plaintiff's failure to abide by a court-ordered visitation schedule was contumacious. The trial court specifically found that plaintiff had abused his visitation rights and that his conduct was detrimental to the welfare of the child. Plaintiff must be aware that his attempt to remove the child from this jurisdiction under circumstances that required the intervention of law enforcement officers caused the court grave concerns about plaintiff's good faith intentions with respect to his visitation requests. It is generally accepted that equity refuses to lend its aid to a party whose conduct is inequitable. *Horton v. Horton,* Utah, 695 P.2d 102 (1984); *Barbour v. Barbour,* 134 Mont. 317, 330 P.2d 1093 (1958).

■ To the extent that the trial court restricted plaintiff's visitation rights as a result of plaintiff's willful and intentional failure to support his child and his contumacy with respect to a court-ordered visitation schedule and attempt to forcefully remove the child from the custodial parent, we hold that its ruling was proper. However, the trial court went beyond that visitation restriction and conditioned any future modifications of the divorce decree upon plaintiff's prior compliance with the support order. In doing so it misapplied the law. The trial court's order impermis-

sibly predicated plaintiff's future rights to modification upon the happening of one predetermined event. Under our cases, modifications are always available contingent only upon a material change in circumstances. *Mitchell v. Mitchell,* Utah, 668 P.2d 561 (1983). *See Acker v. Acker,* Fla.App., 365 So.2d 180 (1979).

In order to correct the trial court's error in predetermining plaintiff's future rights to modifications, and inasmuch as paragraph 3 of the trial court's order properly requires plaintiff to pay all past due amounts, we vacate paragraph 4 of the order, leaving all other provisions unchanged. Plaintiff is reminded that the privilege of raising a child calls for the concomitant responsibility to do so in constructive ways that allow the child to flourish under the guidance of both parents and that he will have to show a material change in circumstances before the trial court is required to entertain his request for a modification of the divorce decree.

The order appealed from is affirmed as modified. Costs to defendant.