[No. 15440–1–I.   Division One.   January 21, 1986.]

*In the Matter of the Marriage of* CARLA WULFSBERG, *Respondent, and* DAVID MACDONALD, *Appellant.*

COLEMAN, J., concurs by separate opinion.

*David MacDonald,* pro se.

*William R. Fleming, Jr.,* for respondent.

RINGOLD, J.—David MacDonald appeals the trial court's order holding him in contempt for failure to pay child support. MacDonald's marriage to Carla Wulfsberg was dissolved on April 27, 1983, and Wulfsberg was awarded custody of their only child. MacDonald had the obligation to pay child support, pay half of the child's medical bills, and provide Wulfsberg with an accounting of his income, including tax returns. The dissolution decree is the subject of another appeal before this court.

On June 8, 1984, MacDonald was served with an order to show cause why he should not be held in contempt for disregarding the obligations of the decree. The parties appeared before Commissioner Jack A. Richey on June 14, 1984, but the matter was continued until July 3, 1984.

Commissioner Joan B. Allison conducted a hearing on July 3, 1984, reviewing affidavits and oral argument, and determined that MacDonald was in contempt for disobeying the provisions of the decree. She sentenced MacDonald to 30 days in jail, but suspended the sentence, and gave him 3 days to begin compliance with the dissolution decree. At a subsequent hearing, Commissioner Allison postponed MacDonald's visitation rights until further order of the court.

After a number of hearings, on August 20, 1984, a de novo review of Commissioner Allison's contempt order was

conducted in superior court. During this hearing, the following exchange occurred:

THE COURT: First, may I ask, is there anywhere in this file here where I can find some— . . .

Just a minute,—some proof that you have made payments which Judge Noe required, or is that agreed that you haven't paid?

MR. MACDONALD: No, I'm going to stipulate that I have not made the payments, your Honor. On Page—

THE COURT: And also, I gather that the computation of those failures in Commissioner Allison's order is correct?

MR. MACDONALD: That's correct, your Honor.

MacDonald also stated that he had not provided Wulfsberg with an accounting or tax returns, because he thought the obligation should be reciprocal.

MacDonald was again found in contempt, and the trial court sentenced MacDonald to 30 days in jail to begin immediately. The trial court stated:

This sanction is imposed on two grounds:

(a) *Coercive Sanction*: Mr. MacDonald is required to remain in jail until he has paid to the extent of available funds what is due under this order and promises promptly to make every effort to meet said obligation . . .

. . .

(b) *Punitive Sanction*: To punish Mr. MacDonald for the past contemptuous violations of Judge Noe's Decree of Dissolution found herein. The sentence imposed by this order and the order of Commissioner Allison before this court for revision is to be a total of thirty days in the County Jail.

The trial judge stated he was acting under authority of RCW 7.20, the civil contempt statute.

## RIGHT TO ASSIGNED COUNSEL

At the earlier hearing before Commissioner Allison, MacDonald was not informed of his right to counsel at State expense if he could not afford one. At the trial court MacDonald stated "I presented her [Commissioner Allison] with a list of demands for due process rights, and on those demands . . ." and the trial court interrupted, stating,

"Nothing was keeping you from hiring a lawyer and having a lawyer here." No mention was made of a right to counsel at State expense if MacDonald could not afford one.

MacDonald contends that he had the right to an attorney paid for by the State, because he could not afford one. Wulfsberg responds that MacDonald failed to show he was indigent, therefore, he was not entitled to appointed counsel.

In *Tetro v. Tetro,* 86 Wn.2d 252, 544 P.2d 17 (1975), the court held that an indigent charged with contempt, under RCW 7.20, for noncompliance with a child support order is entitled to appointed counsel. The record here does not disclose that MacDonald was ever given the opportunity to show that he could not afford counsel. It appears that the trial court and the Commissioner did not believe that MacDonald was entitled to appointed counsel in a civil contempt action. This was an erroneous belief. *See Tetro.*

## JAIL TERM

"A punitive contempt order is a criminal proceeding. As such, due process protections are required." *State v. Boatman,* 104 Wn.2d 44, 48, 700 P.2d 1152 (1985). In *Boatman,* the Supreme Court held that under RCW 7.20 the courts have no authority to impose a punitive sanction, but may only use coercive power. Due process also prohibits the trial court's use of punitive sanctions under its inherent power, if the statutory powers are adequate to cover the situation involved. *Boatman,* at 48.

The trial court exceeded its authority by imposing a 30–day sentence as a punitive sanction. The trial judge also erred in failing to provide MacDonald with the opportunity to purge himself of contempt. *See Boatman.* Under RCW 7.20, a trial court may impose a sentence with a maximum duration if it also allows a defendant to purge the contempt at an earlier date. *Keller v. Keller,* 52 Wn.2d 84, 90–91, 323 P.2d 231 (1958). A fixed jail term under RCW 7.20, without giving the defendant an ability to purge the contempt finding, is impermissible. *See Boatman.*

## NOTICE OF COMMITMENT

MacDonald contends that it was also error to commit him to jail before filing the contempt order. He argues that he did not know what he was supposed to do to purge his contempt.

RCW 7.20.110 provides:

> When the contempt consists in the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he shall have performed it, and in such case the act must be specified in the warrant of commitment.

The warrant committing MacDonald to jail stated no reasons for the contempt order. The basis for the contempt finding was not set forth until September 17, 1984, the day MacDonald was released from jail, when the contempt order was filed. This procedure did not comply with the statute.

The Supreme Court in *Boatman* attached much importance to the ability of a person incarcerated under civil contempt proceedings to purge himself of contempt and be released from jail. The absence of this ability makes the proceedings criminal rather than civil in nature. *Boatman*. Another practical purpose of the statutory requirements is to apprise the jailers of the conditions precedent to the contemnor's release.

While the trial court orally informed MacDonald of the methods by which he could purge himself of contempt, the record reflects that MacDonald was confused as to the extent of the contempt order. The affidavit in support of the motion to show cause filed by Wulfsberg contained several more allegations than those upon which the trial court finally adjudged contempt. In these circumstances it was error not to follow the directions of RCW 7.20.110.

## VISITATION

MacDonald claims that the trial court erred by postponing his visitation rights indefinitely. Apparently, MacDonald's visitation would have begun during the time he was in

jail for contempt.

In a civil contempt proceeding the trial court is not limited to a determination of the question of contempt, but is authorized to consider and determine to what extent the parties should perform the duties imposed upon them by the decree of dissolution. *Bradley v. Fowler,* 30 Wn.2d 609, 192 P.2d 969, 2 A.L.R.2d 822 (1948). After a hearing, the trial court may enter such an order as the court, in the exercise of its discretion, deems appropriate. *Corson v. Corson,* 46 Wn.2d 611, 614, 283 P.2d 673 (1955).

The withholding of visitation because a parent is in contempt for failure to obey provisions of the dissolution decree is an abuse of discretion. *See Lunsford v. Waldrip,* 6 Wn. App. 426, 493 P.2d 789, 51 A.L.R.3d 513 (1972). The paramount concern in deciding whether to withhold visitation rights of a parent is the welfare of the child. *Lunsford,* at 429.

Commissioner Allison gave no reasons for her order to postpone visitation, nor did the trial court alter the order, though asked to do so by MacDonald. A decision regarding visitation requires the exercise of judicial discretion. *See Lunsford.* While a trial court may appropriately postpone a parent's visitation rights during the time a parent is incarcerated, there are no tenable grounds or reasons in the record to indefinitely postpone MacDonald's visitation rights. The trial court, therefore, abused its discretion. *See State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The contempt order is reversed. Both parties shall bear their own costs and attorney fees on appeal.

COLEMAN and GROSSE, JJ., concur.

COLEMAN, J. (concurring)—I agree that the contempt order must be vacated due to the trial court's failure to timely specify in a written order the manner in which MacDonald could purge himself of contempt and be released from jail. I appreciate the difficult position facing the trial

court. MacDonald was extremely uncooperative in his approach to the court and demanded 5 days' notice of presentation of any order. However, the requirement of a clearly defined, unambiguous statement of the means by which one may purge oneself of contempt is clearly required by the cases as a prerequisite to a valid, coercive contempt order.

Reconsideration denied February 12, 1986.