■ In the Matter of JAMES SMITH, Appellant, v TERRI L. JACOBSON, Respondent.—Mikoll, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered July 2, 1986, which, in a proceeding pursuant to Family Court Act article 6, directed that, *inter alia,* petitioner have visitation of his three minor children only upon their consent.

The parties were married on December 2, 1972. There are three issue of the marriage: Erin, born October 13, 1973, and

twin boys, Chad and Jared, born May 9, 1976. The parties were divorced in 1982. A separation agreement executed by petitioner and respondent granted visitation to petitioner every other weekend, on Wednesday evenings, on holidays and for two weeks during each summer. By order to show cause dated December 14, 1984, petitioner sought enforcement of his visitation rights. On March 29, 1985, Family Court ordered enforcement of the visitation rights encompassed in the separation agreement. This order was not appealed. Subsequently, petitioner brought on another order to show cause seeking to hold respondent in contempt for failing to obey the March 29, 1985 order. Respondent cross-petitioned, requesting a modification of Family Court's order and seeking a clinical evaluation and a determination as to the scope of visitation in the best interests of the children. Respondent contended that the children refused to consent to visit with petitioner because on previous visitations petitioner had subjected them to mental abuse by his behavior: comparing his parenting to that of their mother, using vile and filthy language, leaving them with baby-sitters while he engaged in hunting, fishing and partying, failing to allow them to fall asleep while he was on the premises and failing to secure treatment for one of the children's sprained neck.

The record bears the transcription of only two court appearances relating to this matter, although others also appear to have been held. Of those documented in the record, one occurred on March 11, 1986. The record indicates that Family Court issued a temporary order to the effect that "open visitation, visitation upon agreement of the parties" was to continue. At the March 11, 1986 hearing, the court indicated that both petitioner and the children were to undergo consultation with professionals in order to facilitate visitation between petitioner and his children. Petitioner was not present and his counsel indicated that petitioner would like to give the arrangement some thought. A further order was also issued by Family Court as to support moneys retained by petitioner pursuant to another Family Court order. Petitioner had withheld support moneys because respondent had failed to make the children available to him for visitation.

The entire matter was then adjourned to June 16, 1986. At that time, a dispute arose as to what the March 11, 1986 temporary order of Family Court was to encompass. Counsel for petitioner indicated that there was no temporary order of the court covering the March 11, 1986 session since the attorneys were at odds as to its substance. Petitioner's counsel

also indicated that his client was not present due to counsel's misunderstanding as to the adjourned date of the proceeding. Two clinical reports from Frank Arcangelo and Aaron Hoorwitz had been submitted to the court in conjunction with this matter subsequent to the March 11, 1986 hearing. Both recommended parent training for petitioner and counseling for him and his children before the reestablishment of visitation. Family Court thereupon, without any hearing, summarily entered an order voiding the visitation rights of petitioner unless the children consent to visit with their father.

There must be a reversal of the order. Petitioner had been awarded visitation rights under a separation agreement signed by respondent. His rights to visitation were incorporated into a divorce decree. Respondent was ordered to comply with visitation at a prior court proceeding brought by petitioner. Having raised objections to continued visitation by way of her cross petition to modify, any change in visitation rights should have been resolved by a full and comprehensive hearing. Particular scrutiny should be exercised in marital situations, rife with lingering animosity, where there are claims by a custodial parent that visitation is disturbing to the child *(see, Matter of Marciano v Marciano,* 56 AD2d 735, 736). Petitioner has not had visitation with his children for a substantial period of time due to the protracted nature of these proceedings. This matter should be remitted to Family Court for a plenary hearing. The decision should be accompanied by appropriate findings in conformity with CPLR 4213 (b) *(see, Giordano v Giordano,* 93 AD2d 310, 312).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.