■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, on Behalf of TYRIQUE P. and Others, Children Alleged to be Neglected, Appellants. SARAH P., Respondent; DAVID V., Intervenor-Respondent. [629 NYS2d 47] —In a neglect proceeding pursuant to Family Court Act article 10, the Law Guardian for the children appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Segal, J.), entered June 15, 1994, as, after a hearing, directed that the three girls be released to their putative father.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the proceeding is remitted to the Family Court, Kings County, for a new hearing before a different Judge and a new determination in accordance herewith.

This appeal involves a natural father's attempt to secure custody of his three daughters, all of whom were born out of wedlock. A finding of neglect was made against their mother based on her drug abuse. They were placed with their maternal grandmother, with whom they have resided since their births. She filed for custody of them, and the custody matter was heard at the dispositional hearing.

After the hearing, the Family Court found, *inter alia,* that the three girls should be placed with their grandmother until July 15, 1994, at which time they would be released to their father. The Family Court determined that there are no extraordinary circumstances that would support the court's interference with the father's right to custody. We disagree.

It is well established that a natural parent has a claim of custody of his or her child that is superior to that of all others unless the parent has abandoned that right or is unfit to assume the duties and privileges of parenthood *(see, People ex rel. Kropp v Shepsky,* 305 NY 465, 468; *Matter of Male Infant L.,* 61 NY2d 420, 426; *Matter of Archer W. v Commissioner of Social Servs.,* 173 AD2d 543, 544; *Matter of Alfredo S. v Nassau County Dept. of Social Servs.,* 172 AD2d 528, 529; *see generally, Matter of Michael B.,* 80 NY2d 299). In the absence of "surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544), a parent may not be denied custody. The burden of establishing the existence of such extraordinary circumstances is upon the party seeking to deprive the natural parent of custody *(see, Matter of Darlene T.,* 28 NY2d 391, 394; *Matter of Nadia Kay R.,* 125 AD2d 674, 676). Further, until extraordinary circumstances have been found, the question of

the child's best interests is not reached *(see, Matter of Male Infant L., supra; Matter of Archer W. v Commissioner of Social Servs., supra; Matter of Alfredo S. v Nassau County Dept. of Social Servs., supra).*

Extraordinary circumstances have been found based on a prolonged separation between the natural father and his out-of-wedlock child, the lack of an established household, his unwed state, and the attachment of the child to the custodian *(see, Matter of Michael Paul T. v Thomas R., 124 AD2d 970; cf., Matter of Merritt v Way, 85 AD2d 666, affd 58 NY2d 850* [separation between the natural father and the child not found to be extraordinary]), the traumatic effect upon a child of separation from siblings *(see, Matter of Curry v Ashby, 129 AD2d 310; Matter of Mark V. v Gale P., 143 Misc 2d 487),* and the father's history of domestic violence and spousal abuse *(see, Matter of Antionette M. v Paul Seth G., 202 AD2d 429).*

There are extraordinary circumstances in this case. The father has admitted that he has a history of spousal abuse. His contact with his three daughters has been sparse. They have lived their entire lives with their grandmother, to whom they are very attached. If their father were granted custody of them, they would be separated from their step-brother, Tyrique. One of the girls was born with a positive toxicology for cocaine and all three have sicocelltrate and asthma for which they require special medical attention. The father has no child-care experience except for changing their diapers and feeding them on occasion.

Based on the foregoing, there is sufficient evidence of extraordinary circumstances to justify a hearing on the girls' best interests. Accordingly, the matter is remitted to the Family Court, Kings County, for a hearing and a determination of the girls' best interests *(see, Matter of Bannister v Bannister, 81 AD2d 913; Matter of Siegman v Kraitchman, 30 AD2d 979).* Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.