IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 36300-7-III |
| | ) | |
| JOLENE S. MENEGAS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| MICHAEL N. MENEGAS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Michael Menegas appeals two orders entered August 8, 2018, pertaining to an ongoing custody dispute. We affirm.

FACTS

Michael Menegas and his former wife, Jolene Menegas, have been engaged in a prolonged custody dispute over their two children. Jolene Menegas is the primary residential custodian of the couple's children. Ms. Menegas has repeatedly tried to interfere with Mr. Menegas's efforts to exercise his visitation rights. A 2017 incident led Ms. Menegas to be convicted of third degree assault, domestic violence. *See State v. Menegas*, No. 36031-8-III (Wash. Ct. App. May 16, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/360318_unp.pdf. Based on Ms. Menegas's

continued conduct, Mr. Menegas filed for adequate cause to modify the parties' 2014

parenting plan, and a writ of habeas corpus.

In June 2017, the trial court found Ms. Menegas in contempt and ordered Mr.

Menegas be provided make-up visitation days. The next month, the court found adequate

cause to proceed with a full modification hearing. The adequate cause determination was

based on Ms. Menegas being found in contempt at least twice within the previous three

years for failing to comply with residential time provisions in the parenting plan.

The court held the modification hearing in December and issued a memorandum

opinion in March 2018. It found Ms. Menegas intentionally failed to comply with

the court's visitation orders. Nevertheless, the court opted not to change the children's

primary residence, "AT THIS TIME." Clerks Papers at 8.[1] The court denied Mr.

Menegas's motion to reconsider the primary residence decision in an order dated

May 3, 2018.

Five days after the denial of reconsideration, Mr. Menegas filed for an ex parte

restraining order and writ of habeas corpus, alleging Ms. Menegas (1) continued to deny

him visitation and (2) failed to facilitate satisfactory school attendance and performance.

The court issued a temporary restraining order, requiring the children reside with Mr.

---

[1] A transcript from the December 2017 hearing is not part of the record on review.

Menegas and permitting Mr. Menegas to facilitate school enrollment. The court also

ordered the appointment of a guardian ad litem and scheduled an adequate cause hearing

for June 2018.[2]

In July 2018, the trial court issued an order denying Mr. Menegas's motions for

adequate cause and contempt. The order stated Mr. Menegas failed to justify his request

for adequate cause and establish grounds for a new finding of contempt. The order also

noted Mr. Menegas was attempting to relitigate issues settled during the December

hearing.[3]

Mr. Menegas filed a motion for reconsideration a week after the court issued its

denial. The memorandum filed in support of reconsideration listed allegations of

misconduct against Ms. Menegas from March 1, 2017 through April 14, 2017—a period

that preceded the December 2017 hearing.[4]

In August 2018, Mr. Menegas filed a new motion for an ex parte restraining order,

requesting a new guardian ad litem and an investigation into the children's school

performance.

---

[2] Although it appears a guardian ad litem report was prepared, the report is not part of the record on review.

[3] A transcript of the July 2018 hearing is not part of the record on review.

[4] Though the memorandum states Ms. Menegas was convicted of felony assault in March 2018, the conviction was based on an incident that occurred in March 2017.

The trial court denied Mr. Menegas's motion for reconsideration and motion for ex parte restraining order in separate orders entered August 8, 2018. On September 7, 2018, Mr. Menegas filed a notice appealing the two aforementioned orders.

ANALYSIS

In his pro se appeal, Mr. Menegas asks this court "to amend the Memorandum Opinion that was filed on March 22, 2018 . . . and the order filed July 16, 2018." Appellant's Br. at 3. He assigns error to five trial court orders dated June 5, 2017; July 24, 2017; March 22, 2018; May 3, 2018; May 24, 2018; and July 16, 2018. *Id*. at 4-5.

None of the aforementioned orders are identified in Mr. Menegas's notice of appeal. As previously stated, Mr. Menegas has filed a notice of appeal for only two orders issued on August 8, 2018. Orders that are not the subject of a notice of appeal are deemed final and will not be reassessed, except in the limited circumstances identified by RAP 2.4(b). RAP 2.4(c). In his briefing, Mr. Menegas does not discuss the applicability of RAP 2.4(b) or explain why his notice of appeal should extend to earlier court orders. We will not review issues that have not been addressed in the briefing, even in the case of a pro se litigant. *See Habitat Watch v. Skagit County*, 155 Wn.2d 397, 416, 120 P.3d 56 (2005); *Patterson v. Superintendent of Pub. Instruction*, 76 Wn. App. 666, 671, 887 P.2d 411 (1994).

Mr. Menegas voices concern that RCW 26.09.260(2)(d) required the trial court to grant him primary residential custody of the children as it found Ms. Menegas in contempt at least twice in three years based on visitation violations. This concern rests on a mistaken legal assumption. Washington law limits a court's ability to alter a residential schedule established by a divorce decree or parenting plan. RCW 26.09.260(1). RCW 26.09.260(2)(d) provides a potential basis for modification. But it does not mandate how or whether modification should take place. Indeed, regardless of contempt findings, no modification of a child's residential schedule can occur unless the court finds it is in the best interest of the child. RCW 26.09.260(1); *Thompson v. Thompson*, 56 Wn.2d 244, 250, 352 P.2d 179 (1960) ("The custody of the child is not to be used as a reward or punishment for the conduct of the parents. The best interest of the child is the paramount and controlling consideration." (citations omitted)).

Here, even if Mr. Menegas filed a timely notice of appeal of the June 2017 to July 2018 orders, we would lack an adequate record on review to assess the trial court's decisions to maintain Ms. Menegas as the children's primary custodian. The fact that Ms. Menegas has been found in contempt and engaged in other undesirable conduct does not necessarily mean that modification is in the children's best interest. Particularly given the lack of hearing and trial transcripts and guardian ad litem reports, we are in no position to

No. 36300-7-III
*In re Marriage of Menegas*

review the trial court's broad discretion to determine the appropriate placement of the parties' children.

## CONCLUSION

The orders on appeal are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Maxa, J.[5]

---

[5] The Honorable Bradley Maxa is a Court of Appeals, Division Two, judge sitting in Division Three under CAR 21(a).

6